| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2494 | **DATE** | 5/18/2011 |
| **CASE TITLE** | MCS Midwest, LLC vs. McGee | | |

**DOCKET ENTRY TEXT**

The Court rules that Ohio law governs the confidentiality and non-competition agreement between Plaintiff MCS Midwest, LLC and Defendant Theodore A. McGee.

■[ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Plaintiff MCS Midwest, LLC (hereinafter, the "Plaintiff") is an Ohio limited liability company. Defendant Theodore McGee (hereinafter, the "Defendant") is an Illinois resident. Plaintiff is in the business of maintaining and repairing garbage containers and contractors. Plaintiff hired Defendant in June 2008 to work as a crew leader in one of its maintenance crews. Defendant signed a confidentiality and non-competition agreement (hereinafter, the "Agreement") when he was hired. The Agreement contained a choice-of-law provision, which stated that the contract would be governed by Ohio law.

  In April 2010, Defendant resigned from his job with Plaintiff. Plaintiff alleges that Defendant subsequently began to operate a garbage container and compactor repair, maintenance, and installation business in violation of the non-compete covenant in the Agreement. On April 14, 2011, the Court granted Plaintiff's Motion for a Temporary Restraining Order to enjoin Defendant from violating the Agreement. The Court extended the TRO on April 28. In open court on May 12, the Court dissolved the TRO, and scheduled a preliminary injunction hearing for May 20.

  Prior to the May 12 hearing, Defendant filed a Motion to Dismiss Plaintiff's Complaint and the TRO. Plaintiff filed a partial response to this Motion, which substantively addresses the disagreement between the parties whether the Ohio choice-of-law provision is enforceable.

  This Court applies the Illinois choice-of-law doctrine in a diversity case. *See ECHO, Inc. v. Whitson Co.,* 52 F.3d 702, 707 (7th Cir. 1995). A court in Illinois will generally enforce a contract's choice-of-law provision if the contract does not contradict Illinois's fundamental public policy. *See Sound of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910, 915 (7th Cir. 2007). Further, a relationship must exist "between the parties and the state whose law is to be applied." *Labor Ready, Inc. v. Williams Staffing, LLC*, 149 F. Supp. 2d 398, 405 (N.D. Ill. 2001).

  Here, no genuine dispute exists whether a relationship exists between the parties and Ohio, as Plaintiff is a registered LLC in the state of Ohio. Ohio law will therefore govern the contract unless Ohio law governing non-competition agreements contradicts Illinois's fundamental public policy.

## STATEMENT

Ohio courts determine the validity or enforceability of non-competition agreements on the facts of each case. *See Raimonde v. Van Vlerah*, 325 N.E.2d 544, 547 (Ohio 1975). The Supreme Court of Ohio has established the general parameters Ohio courts use to evaluate these covenants:

> [A] covenant not to compete which imposes unreasonable restrictions upon an employee will be enforced to the extent necessary to protect the employer's legitimate interests. A covenant restraining an employee from competing with his former employer upon termination of employment is reasonable if it is no greater than is required for the protection of the employer, does not impose undue hardship on the employee, and is not injurious to the public. Courts are empowered to modify or amend employment agreements to achieve such results.

*Id*. Further, Ohio courts weigh "the interests of the employer, the employee, and the public to determine what is reasonable." *Premier Assoc., Ltd. v. Loper*, 778 N.E.2d 630, 636 (Ohio Ct. App. 2002) (internal quotation omitted).

Ohio law is consistent with the methods Illinois courts use to evaluate non-competition agreements. First, Illinois courts carefully scrutinize such covenants "to ensure that they are reasonable and not contrary to public policy." *Peterson-Jorwic Grp., Inc. v. Pecora*, 586 N.E.2d 676, 677 (Ill. App. 1991). Further, "[a] restrictive covenant will be enforced only if the time and territorial limitations are reasonable and the restrictions imposed by the covenant are necessary to protect a legitimate business interest." *Id*. Also, an Illinois court may modify an overbroad or unreasonable restrictive covenant, rather than outright invalidating it. *See Cambridge Eng'g, Inc. v. Mercury Partners 90 BI, Inc.*, 879 N.E.2d 512, 529 (Ill. App. 2007).

Accordingly, the Court finds that under the Illinois choice-of-law doctrine, Ohio law governs the contested Agreement.